THE PEOPLE OF PUERTO RICO, ETC., Plaintiff and Appellant, *v.* HEIRS OF RAMONA RAMÍREZ ALVARADO, ETC., ET AL., Defendants and Appellees.

No. 10451. Argued November 5, 1951.—Decided January 29, 1952.

*Víctor Gutiérrez Franqui, Attorney General, (Federico Tilén, Acting Attorney General, on the brief), and Clemente Pérez Martínez, Assistant Attorney General,* for appellant. *Antonio L. López* for appellees.

MR. CHIEF JUSTICE TODD, JR., delivered the opinion of the Court.

In rendering judgment in this case the Court of Eminent Domain of Puerto Rico announced that it had made the following findings of fact:

"Based on the evidence introduced by the parties, the inspection made by this Court, and after a careful and unbiased study and analysis of all worthwhile factors attendant herein and the salability in an open market of the condemned property at the time of the expropriation, this Court concludes that the just compensation that plaintiff must pay defendant amounts to $2,000 (two thousand dollars)."

Feeling aggrieved by the judgment rendered, the People of Puerto Rico appealed and claims that the lower court erred (1) in not setting forth its findings of fact as required by Rule 52(a) of the Rules of Civil Procedure, and (2) in the weighing of the evidence and in fixing the just compensation at $2,000.

We consider that the first error was committed. The so-called "Findings of Fact" set forth by the court *a quo* are mere generalities which fail to enable this Court to determine whether the second error was committed.

Plaintiff's theory, and the evidence tending to support it, is that the parcel of land condemned is best suited for agri-

culture, while defendants hold that in a near future it will be best suited for urbanization purposes. Nothing in the findings of the lower court indicates to what "worthwhile factors" the lower court refers in concluding that the just compensation, in connection with "the salability in an open market of the condemned property" amounts to $2,000. We do not know if its findings was that the cuerda and hundredths of land for agricultural purposes, had been assessed at that amount, or if on the contrary, the lower court took into consideration that actually, the best use of said parcel in a near future would be for urbanization purposes. We are not bound, under these circumstances, to examine the 179 pages of the transcript of evidence so as to determine in the first instance these questions in order to decide then whether or not the second error was committed.

In countless cases we have called the attention of the lower courts to their obligation to comply with Rule 52 (*a*) of the Rules of Civil Procedure. *Ramírez* v. *District Court*, 65 P.R.R. 330; *Meléndez* v. *Metro Taxicabs*, 68 P.R.R. 709; *Varela* v. *Fuentes*, 70 P.R.R. 838; *Pérez* v. *Cruz*, 70 P.R.R. 890; *Ferrer* v. *Varela*, 71 P.R.R. 70; *Cáceres* v. *García*, 71 P.R.R. 378; *Santana* v. *García*, 71 P.R.R. 132; *Matos* v. *Sierra*, 71 P.R.R. 655; *Darder* v. *Bayamón Truck Service*, 72 P.R.R. 74. Although it is true that in the majority of these cases we have concluded that the court *a quo* substantially complied with said Rule and we have considered the appeal on its merits in the case at bar, as in *Matos* v. *Sierra*, *supra*, we must require strict compliance with said Rule.

For the reasons above stated the judgment will be vacated and the case remanded to the Court of Eminent Domain in order that after complying with Rule 52 (*a*) of the Rules of Civil Procedure, it enter the proper judgment.